United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUZANNE E.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:25-cv-04513-JSC

**ORDER RE: SOCIAL SECURITY APPEAL**

Re: Dkt. No. 12

Plaintiff seeks social security benefits for a combination of mental and physical impairments including: fibromyalgia, asthma, migraine, obsessive compulsive disorder, panic disorder with agoraphobia, generalized anxiety disorder, and depressive disorder. (Administrative Record ("AR") 85.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying her benefits claim. After careful consideration of the parties' briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and REVERSES the Commissioner's decision and REMANDS for further proceedings, as explained below.

**BACKGROUND**

Pursuant to the Social Security Act, on May 31, 2022, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits alleging a disability onset date of October 1, 2017. (AR 17.) Plaintiff's application was denied initially and on reconsideration. (AR 71-95.) Plaintiff submitted a timely request for a hearing before an Administrative Law Judge (ALJ). (AR 188.) A hearing was held on November 30, 2023, where

Plaintiff and a vocational expert testified. (AR 37-70.) On April 10, 2024, the ALJ issued an unfavorable decision finding Plaintiff was not disabled within the meaning of the Social Security Act. (AR 17-30.)

Plaintiff filed a timely request for review with the Appeals Council, which the Appeals Council denied. (AR 1-3.) Plaintiff thereafter filed the underlying action. In accordance with Civil Local Rule 16-5, the parties filed cross briefs on appeal. (Dkt. Nos. 13, 15.[1])

**LEGAL STANDARD**

A claimant is considered "disabled" under the Act if she meets two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough she is unable to do her previous work and cannot, based on her age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." *Id*. § 423(d)(2)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's RFC, she can still do her "past relevant work"; and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), superseded by regulation on other grounds; *see* 20 C.F.R. § 404.1520(a).

**DISCUSSION**

The sole issue before the Court is whether the ALJ erred in rejecting Plaintiff's subjective symptom testimony.

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (cleaned up). If the ALJ's assessment "is supported by substantial evidence in the record, [courts] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (cleaned up).

There are several issues with the ALJ's findings as to Plaintiff's subjective symptom testimony. First, while the ALJ referenced the two-step analysis, it is unclear how she applied it here. Immediately after discussing the requirements of the two-step analysis, the ALJ summarized Plaintiff's subjective symptom testimony and then stated:

> Turning to the medical evidence, the objective findings of this case are not consistent with the level of disabling symptoms and limitations alleged by the claimant. More specifically, the medical findings do not support the existence of limitations greater than in the residual functional capacity as listed above.

(AR 22-23.) The ALJ then proceeded to discuss the medical evidence and concluded with a discussion of an undated treatment summary from Anne-Marie Basso who treated Plaintiff between May 2021 through July 2022. (AR 28 (citing 27F (AR 1613)).) The ALJ stated Plaintiff had become "resistant to behavioral interventions" and "opted to prematurely terminate therapy." (AR 28.) The ALJ concluded her analysis stating:

> There is no mention in this summary of the claimant's mental functioning prior to 2021. It does show that later she failed to follow treatment recommendations, which demonstrates a possible unwillingness to do that which is necessary to improve her condition and may also indicate her symptoms are not as severe as she purports.

(AR 28.)

The ALJ failed to make an explicit finding at step one regarding whether the objective medical evidence of Plaintiff's impairments could reasonably be expected to produce the pain or

3

1    other symptoms alleged.  This omission, combined with the ALJ's conclusion expressing doubt
2    about the veracity of Plaintiff's subjective reports of pain, creates an ambiguity in the record as to
3    how the ALJ evaluated Plaintiff's subjective symptom testimony and whether she found Plaintiff
4    malingering.  This ambiguity requires remand. *Lingenfelter*, 504 F.3d at 1036 (stating the ALJ
5    "must engage in [the] two-step analysis."); *Perkins v. Astrue*, No. CV 12-0634 RNB, 2012 WL
6    4755402, at *3 (C.D. Cal. Oct. 5, 2012) (finding "the ALJ's failure to make this threshold
7    determination, especially in light of the ALJ's finding that plaintiff had several impairments,
8    constituted a failure to apply the correct legal standard in assessing plaintiff's subjective pain and
9    symptom testimony.").

10          Second, the ALJ failed to offer clear and convincing reasons supported by substantial
11   evidence for rejecting Plaintiff' subjective symptom testimony.  For example, the ALJ found
12   Plaintiff's "hatred for her job, a reason not related to her medical conditions, was a contributing
13   factor to her quitting [her job] in May 2018" noting "her job was to stand near exhibits at the
14   Broad Museum, though, towards, the end, she found tolerating the large crowds and bright lights
15   to be unbearable." (AR 24.)  The ALJ ignored Plaintiff's statements throughout the medical
16   record stating her job aggravated her "severe daily symptoms" of depression and anxiety.  (AR
17   728 (5/8/17 treatment note); *see also* AR 744 (8/15/17 treatment note: "still having panic attacks
18   every day"); AR 754 (11/15/17 treatment note: "headache has not resolved";  "[s]till suffering
19   from anxiety and depression"); AR 758 (11/21/17 treatment note: "[o]ver the past year since she
20   took the new job, her migraine has been more frequent" "occurs almost daily"; has anxiety and
21   depression"); AR 771 (1/19/18 treatment note: "has had anxiety, depression, and migraines for
22   several years.  This was exacerbated by work in August 2017 as she was working in a
23   museum…[s]ymptoms have improved somewhat as she hasn't been able to work since October
24   2017 due to her symptoms"); AR 795 (4/9/18 treatment note: "[a]nxiety and depression are still an
25   active issue.  Had to leave work bc of anxiety/depression").)  While the medical record shows her
26   symptoms stabilized in July 2018 for a few months, this also corresponds to the period directly
27   following leaving her job.  (AR 873.)  When she re-established medical care after moving back to
28   San Francisco in December 2019, Plaintiff continued to report "[i]ntractable headache" and

"[s]evere episode of recurrent major depressive disorder." (AR 937.)

The ALJ also appeared to seize on particular portions of the medical records indicating an improvement in her symptoms while ignoring notes from the very same visit discussing the persistent severity of her symptoms. For example, the ALJ focused on the portion of the record from Plaintiff's April and May 2018 visits with her mental health provider Dr. Misty stating Plaintiff had noticed "major improvement with pain and moderate improvements with mood" on Effexor, but ignored the portion of the very same record stating she "cr[ies] often and continues to isolate" and tried an higher dose of Effexor, but it made her feel "out of body." (AR 25 (citing 1F/21 (AR 470); *see also* AR 465 (4/5/18 treatment notes: "she describes multiple, dark existential thoughts that catalyze her depressive episodes.").)

So, throughout the decision, the ALJ's description of the objective medical evidence cherry picks the evidence which supports her finding while ignoring other contradictory evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (finding error when the ALJ's decision did not account for the record "as a whole," but rather relied on "cherry picked" evidence); *Williams v. Colvin*, No. 14-cv-2146-PLA, 2015 WL 4507174, at *6 (C.D. Cal. July 23, 2015) (cleaned up) ("An ALJ may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability determination.").

Third, as to both Plaintiff's mental impairments and her fibromyalgia diagnosis in August 2020, the ALJ discounted her subjective symptom testimony based on the lack of consistent treatment. (AR 23, 27.) While "an unexplained, or inadequately explained, failure to seek treatment may be the basis for an adverse credibility finding unless one of a number of good reasons for not doing so applies," the ALJ must consider the reasons why Plaintiff may not have pursued treatment. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (cleaned up). The record indicates Plaintiff's referral to the PAMF Palo Alto Behavioral Health Department was rejected because of "insurance restrictions." (AR 896 (3/24/21 provider notes).) Further, the symptoms of mental health conditions often "wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an

5

ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014); *see also Angela V. v. Comm'r, Soc. Sec. Admin.*, No. 6:19-cv-0836-HZ, 2021 WL 1565788, at *5 (D. Or. Apr. 20, 2021) (holding the ALJ erred in rejecting the plaintiff's symptom testimony related to her fibromyalgia where the ALJ "isolat[ed] a few examples of symptom improvement and ignor[ed] the many others that indicated continued, severe impairment") (cleaned up). Moreover, reports of improvement must be examined in context—a relative improvement in a claimant's symptoms may not mean they are not disabled. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

In sum, the ALJ erred in failing to clearly apply the *Lingenfelter* two-step analysis and in failing to provide specific, clear and convincing reasons for rejecting Plaintiffs' subjective symptom testimony.[2]

***

While Plaintiff notes the Court has discretion to award benefits, she does not argue the credit-as-true standard is met here or otherwise provide any analysis of why remand for an award of benefits would be the proper remedy here. (Dkt. No. 12 at 12.) When courts reverse an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal citations omitted). Remand for further proceedings is proper here so the ALJ can fully consider Plaintiff's subjective symptom testimony in the context of the record and unambiguously apply the required two-step analysis.

## CONCLUSION

For the reasons stated above, the Court REVERSES the ALJ's decision and REMANDS

---

[2] The Court does not address the ALJ's findings as to Plaintiff's activities of daily living because the ALJ found them inconsistent with her reports of musculoskeletal pain and fibromyalgia, not her mental impairments or migraines (AR 23), and Plaintiff does not challenge the ALJ's findings as to her activities of daily living.

for further proceedings consistent with this Order.

This Order disposes of Docket Nos. 12, 15.

**IT IS SO ORDERED.**

Dated: December 23, 2025

JACQUELINE SCOTT CORLEY
United States District Judge